Benjamin B. Wagner
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Petitioners
UNITED STATES OF AMERICA and
NAOEMI SALINAS, Revenue Agent,
Internal Revenue Service

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA and NAOEMI SALINAS, Revenue Officer, Internal Revenue Service,<br><br>　　　　Petitioners,<br><br>　v.<br><br>KATHERINE MELENDEZ LOPEZ,<br><br>　　　　Respondent. | 1:08-cv-00752-OWW-SMS<br><br>**CERTIFICATION OF FACTS CONCERNING PETITION RE CONTEMPT OF ORDER FILED MARCH 11, 2009; ORDER SETTING THE MATTER BEFORE THE DISTRICT JUDGE FOR HEARING AND JUDGMENT PURSUANT TO 28 U.S.C. § 636(e)(6)(B)**<br><br>**Date:　　APRIL 19, 2010**<br>**Time:　　10:00 a.m.**<br>**Judge:　　U.S. District Judge**<br>**　　　　　Oliver W. Wanger**<br>**　　　　　Courtroom #3** |

I.　INTRODUCTION

　　This is a civil action to enforce an Internal Revenue Service summons. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302(c)(9) and 303.

　　Pending before the Court is the Petition Re Contempt of Order Filed March 11, 2009, filed by petitioners United States of

1

America and Naoemi Salinas, Revenue Agent of the Internal Revenue Service. The Petition (Doc. 25) alleges contempt by Respondent, Katherine Melendez Lopez, of United States District Judge Oliver W. Wanger's Order Adopting Findings and Recommendations Regarding Tax Summons Enforcement (Doc. 17). Judge Wanger's Order, filed March 11, 2009, directed Respondent to obey an IRS summons requiring Respondent to provide testimony and to bring books, records, papers, and other data relating to an IRS investigation of Respondent's assessed tax liabilities for the tax years ending December 31, 2001; December 31, 2002; December 31, 2003; December 31, 2004; December 31, 2005; and December 31, 2006.

Petitioners requested that the United States Magistrate Judge hold a hearing, certify the facts of the contempt to the District Judge, and set the matter before the District Judge for hearing and judgment pursuant to 28 U.S.C. § 636(e)(6)(B). The hearing before the undersigned was held on January 22, 2010. Benjamin E. Hall appeared on behalf of the Petitioners, along with Revenue Agent Naoemi Salinas. Respondent, Katherine Melendez Lopez, did not appear before the Court and filed no objection to the Petition.

II. BACKGROUND

Petitioners commenced this civil proceeding by filing their Petition to Enforce Internal Revenue Service Summons (Doc. 1) on May 29, 2008. The petition sought to enforce an IRS Summons issued December 6, 2007, which summoned Respondent to appear and give testimony and produce records relating to Respondent's tax liability for the tax years 2001 through 2006. (Doc. 1-2 at Exhibit "A"). An Order to Show Cause (Doc. 4) was issued by the

2

Court on June 26, 2008, requiring Respondent to appear and show cause why she should not be compelled to obey the IRS summons. A Proof of Service filed with the Court (Doc. 7) demonstrates that on July 26, 2008, Respondent was personally served at her business address, 3037 E. Belmont, Fresno, California, with the Petition, the supporting materials, and the Order to Show Cause.

The case came before the previously assigned Magistrate Judge on the Order to Show Cause on October 17, 2008. As the Court noted in its Findings and Recommendations Re: Tax Summons Enforcement (Doc. 11), Respondent did not file objections to the Petition and did not appear at the hearing. The Magistrate Judge recommended that the IRS summons be enforced and that Respondent be ordered "to appear at such time and place as may be fixed by Revenue Officer Salinas or any other proper Officer or employee of the IRS and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons." By Order filed March 11, 2009 (Doc. 17), Judge Wanger adopted in full the Magistrate Judge's Findings and Recommendations and directed Respondent to appear at a time and place as may be fixed by the IRS to produce the records demanded by the summons.

In support of their current Petition, Petitioners submitted the declaration of Ms. Salinas (Doc. 27) regarding the efforts of the IRS to obtain Respondent's compliance with the Court's Order. Ms. Salinas' declaration establishes that on March 12, 2009, she sent an appointment letter to Respondent at 3037 E. Belmont, Fresno, California, enclosing a copy of the March 11, 2009 Order, but the letter was returned with the notation "Attempted Not Known" on March 19, 2009. (Doc. 27 at ¶ 3 and Exhibit "A".) On

March 30, 2009, Ms. Salinas made a field call to 3037 E. Belmont, Fresno, California, where she learned that Respondent's offices were closed. Ms. Salinas then inquired at a business next door and was informed that Respondent had relocated her offices to 431 N. 1st Street, Fresno, California. (Doc. 27 at ¶ 4.)

On March 30, 2009, Ms. Salinas prepared a second appointment letter and mailed it to Respondent at 431 N. 1st Street, Fresno, California, by regular U.S. Mail and Certified Mail. The letters were returned with the notation "Attempted Not Known." (Doc. 27 at ¶ 5 and Exhibits "B" and "C".) On May 1, 2009, Ms. Salinas prepared two IRS Postal Tracers (Form 4759) inquiring about the status and validity of Respondent's 431 N. 1st Street, Fresno, California address. On May 14, 2009, Ms. Salinas received confirmation from the United States Postal Service that mail is delivered both to Respondent and to her business, Margarita's and Katarina's Taxes, at 431 N. 1st Street, Fresno, California. (Doc. 27 at ¶ 6 and Exhibits "D" and "E".)

On July 20, 2009, Ms. Salinas sent a third appointment letter enclosing a copy of the March 11, 2009 Order to Respondent at 431 N. 1st Street, Fresno, California. Respondent was requested to appear at 9:00 a.m. on July 31, 2009, at the IRS offices located at 2525 Capitol Street, Suite 203, Fresno, California. This letter was not returned, but Respondent did not appear at the appointed time and has not complied with the Order directing her to obey the summons. (Doc. 27 at ¶¶ 7-8 and Exhibit "F".)

On October 5, 2009, this Court issued an Order to Show Cause (Doc. 30) requiring Respondent to appear before the undersigned

4

[PROPOSED] CERTIFICATION OF FACTS CONCERNING PETITION RE: CONTEMPT OF ORDER FILED MARCH 11, 2009; ORDER SETTING THE MATTER BEFORE THE DISTRICT JUDGE

on December 11, 2009, at 9:30 a.m., to show cause why she should not be held in civil contempt of the Court, incarcerated, and ordered to pay a daily fine until she complies with the Order dated March 11, 2009.  The Order to Show Cause further directed Respondent to file a written response to the contempt petition within thirty days of service of the Order.  Due to a calendar conflict, the Court continued the December 11, 2009 hearing to January 22, 2010.  Petitioners served Respondent with a Notice of Continuance (Doc. 33) of the Order to Show Cause hearing, providing notice of the new hearing date.  Respondent filed no response to the Petition and failed to appear before the Court to show cause why she should not be held in contempt of the Court.

III. JURISDICTION

The Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(a)-(b), 7604(a), and 28 U.S.C. §§ 1340, 1345.  The Court has the inherent power to impose sanctions for contempt in order to provide a fair, effective, and orderly judicial process.  See United States v. Asay, 614 F.2d 655, 658-59 (9th Cir. 1980).

IV. LEGAL STANDARDS

A. Participation by a Magistrate Judge

Title 28 U.S.C. § 636(e)(6) provides:

> (6) **Certification of other contempts to the district court.** -- Upon the commission of any such act –
>
> (A) in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where

(i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

(ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or

(iii) the act constitutes a civil contempt,

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

B.  Civil Contempt

Petitioners seek a judgment of civil contempt. The civil nature of the proceeding is based on the character and purpose of the relief sought. Where the relief sought involves not punitive or criminal contempt but rather compulsory and compensatory sanctions, including conditional confinement employed to compel compliance, then the proceeding is for civil contempt. See Asay, 614 F.2d at 659; Shillitani v. United States, 384 U.S. 364, 369-70 (1966).

The elements required to be shown in order to adjudge a party in civil contempt include a specific and definite court order and a failure to take all the reasonable steps within one's power to insure compliance with the order. Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 465 (9th Cir. 1989).

6

[PROPOSED] CERTIFICATION OF FACTS CONCERNING PETITION RE: CONTEMPT OF ORDER FILED MARCH 11, 2009; ORDER SETTING THE MATTER BEFORE THE DISTRICT JUDGE

Wilfulness is not a required element of civil contempt, and the absence of wilfulness does not relieve one from a civil contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Asay, 614 F.2d at 661.  A petitioner for contempt has the burden of proving a prima facie case by clear and convincing proof, which is higher than a preponderance of the evidence but less than beyond a reasonable doubt.  Balla, 869 F.2d at 466.

Legal defenses to civil contempt include substantial compliance with the order, defined as having taken all reasonable steps to comply with the court order.  Balla, 869 F. 2d at 466. However, at the present stage of the proceedings, Respondent may not assert error in the order with which she failed to comply. United States v. Rylander, 460 U.S. 752, 756-57 (1983).  A contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed; it does not permit a retrial of the original controversy or an assertion of lack of possession at the time the order was made. Id.  This is because the initial proceeding to enforce the summons was an adversary proceeding in which the Respondent might contest the summons on any appropriate ground, including lack of possession or control; thus, such issues may not be raised for the first time in a contempt proceeding.  Id. at 757.

V.   CERTIFICATION AND RECOMMENDATION

The Court finds that the Order of March 11, 2009, in which the Court compelled compliance with the summons, was in existence and specific.  The terms of the summons were not in dispute. Accordingly, the undersigned FINDS AND CERTIFIES that a definite, specific order existed that required Respondent to appear before

Petitioner Salinas, answer questions, and produce documents; and that Respondent, who was subject to the order, failed to appear, failed to produce documents pertaining to the investigation of her tax liabilities, and failed to do all that she could reasonably do to comply with the Order.

The Magistrate Judge therefore FINDS AND CERTIFIES pursuant to 28 U.S.C. § 636(e)(6)(B) that it is appropriate for Respondent Katherine Melendez Lopez to appear before the District Judge upon a day certain to show cause why Respondent should not be adjudged in contempt by reason of the facts so certified.

The undersigned therefore SETS THE MATTER BEFORE THE DISTRICT JUDGE FOR HEARING AND JUDGMENT pursuant to 28 U.S.C. § 636(e)(6)(B), and DIRECTS SERVICE UPON RESPONDENT OF THIS ORDER REQUIRING RESPONDENT TO **APPEAR BEFORE DISTRICT JUDGE OLIVER W. WANGER ON APRIL 19, 2010, AT 10:00 A.M., IN COURTROOM #3 OF THE ROBERT E. COYLE UNITED STATES COURTHOUSE, 2500 TULARE STREET, FRESNO, CALIFORNIA,** and SHOW CAUSE why Respondent should not be adjudged in contempt by reason of the facts so certified.

IT IS SO ORDERED.

**Dated: March 1, 2010**     /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] CERTIFICATION OF FACTS CONCERNING PETITION RE: CONTEMPT OF ORDER FILED MARCH 11, 2009; ORDER SETTING THE MATTER BEFORE THE DISTRICT JUDGE